**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHARON HULIHAN, | No. 10-16766 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00715-JCM-PAL |
| v. | |
| CIRCLE K STORES, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted November 9, 2011[**]
San Francisco, California

Before: FARRIS, BEEZER, and LEAVY, Circuit Judges.

Sharon Hulihan appeals pro se from the district court's grant of summary

judgment to Circle K on her negligence, Americans with Disabilities Act (ADA),

and state law anti-discrimination claims. We have jurisdiction over this matter

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

pursuant to 28 U.S.C. § 1291. The facts of this case are known to the parties. We need not repeat them here.

"We review a district court's grant of summary judgment *de novo*, and may affirm on any basis supported by the record." *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). "We review the evidence in a light most favorable to the non-moving party and decide whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law." *FTC v. Stefanchik,* 559 F.3d 924, 927 (9th Cir. 2009).

The district court properly granted summary judgment to Circle K on Hulihan's ADA claim. "Injunctive relief is the sole remedy available to private parties under the Disabilities Act; it does not authorize a claim for money damages." *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1174 (9th Cir. 2010). Because Hulihan concedes that the new ramp is ADA-compliant, this claim is moot.

We believe that the district court misstated Nevada law by holding that plaintiffs must produce medical expert testimony to prove causation in a negligence claim. The law of Nevada is that "medical expert testimony regarding standard of care and causation must be stated to a reasonable degree of medical probability." *Morsicato v. Sav-On Drug Stores, Inc.*, 111 P.3d 1112, 1116 (Nev.

2005). That is, *when* a medical expert testifies as to causation, the expert must be able to state his or her opinion to a reasonable degree of medical probability. The Nevada Supreme Court has never explicitly held that medical expert testimony is mandatory in every case, *see, e.g., Williams v. Eighth Judicial Dist. Court*, 262 P.3d 360, 367–69 (Nev. 2011), and we will not make this assumption for them. Indeed, past cases have not always required medical expert testimony to prove causation. *See, e.g., Jeep Corp. v. Murray*, 708 P.2d 297, 300 (Nev. 1985), *superceded by statute on other grounds as stated in Countrywide Home Loans v. Thitchener*, 192 P.3d 243, 253–54 & n.39 (Nev. 2008). We shall not do so here.

Because we may affirm "on any basis supported by the record," *Gordon*, 575 F.3d at 1047, however, we conclude that the district court properly granted summary judgment to Circle K on the negligence claim. Hulihan has failed to establish a genuine issue of material fact as to causation. *See Stefanchik*, 559 F.3d at 927. None of her three doctors could testify to a reasonable degree of medical probability that the fall at Circle K caused her alleged injuries. *See Williams*, 262 P.3d at 367. Hulihan's other witnesses do not even testify to causation. She has not presented a genuine issue to merit a full trial.

The record likewise supports the grant of summary judgment to Circle K on Hulihan's state law anti-discrimination claim, despite the district court again

incorrectly imposing a medical expert requirement. Nevada law ensures equal enjoyment to places of public accommodation without discrimination on the basis of disability. NEV. REV. STAT. § 651.070. But to prevail Hulihan must prove "actual damages." *Id.* § 651.090; *Long v. Coast Resorts, Inc.*, 267 F.3d 918, 925 (9th Cir. 2001). Alleging a denial of equal enjoyment is insufficient to prove liability; a plaintiff must prove that the denial caused her actual injury. Because Hulihan is unable to establish a genuine issue as to the cause of her alleged injuries, her claim must fail.

AFFIRMED.